


**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

Main Reception: (617) 748-3100

United States Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

March 12, 2004

David Duncan, Esq.
Zalkind, Rodriguez, Lunt & Duncan, LLP
65A Atlantic Avenue
Boston, MA 02110

    Re:   <u>United States v. Steven Vargas</u>
           District Court No. 03-10393-MLW

Dear Attorney Duncan:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

**A.**    **<u>Rule 16 Materials</u>**

    **1.**    **<u>Statements of Defendant under Rule 16 (a)(1)(A)</u>**

        **a.**    **<u>Written Statements</u>**

    Enclosed, find copies of the following documents:

(a)    employment application completed and signed by the defendant under an alias name (*See* Bates No. 001-003);

(b)    ATF Form 4473 completed and signed by the defendant, and dated 11/9/01, and other related documentation relative to the purchase of four firearms from Echo Pawn, Inc., Hopkinsville, KY, which are named in the indictment, namely, a Bryco, Model Jennings 9, 9mm semi automatic pistol, bearing serial number 1417208; a Bryco, Model Jennings 9, 9mm semi automatic pistol, bearing serial number 1437484; a Bryco, Model Jennings 9, 9mm semi automatic pistol, bearing serial number

1459608; and a Phoenix Arms, Model HP22, .22 cal revolver, bearing serial number 4186783 (See Bates No. 004 - 007);

(c) ATF Form 4473 completed and signed by the defendant, and dated 12/29/01, and other related documentation relative to the purchase of a firearm from Pyramid "Power" Pawn, Oak Grove, KY, which is named in the indictment, namely, a Bryco, Model Jennings 9, 9mm semi automatic pistol, bearing serial number 1409929 (See Bates No. 008 - 012);

(d) ATF Form 4473 completed and signed by the defendant, and dated 2/11/02, and other related documentation relative to the purchase of a firearm from Pyramid "Power" Pawn, Oak Grove, KY, which is named in the indictment, namely, a Smith and Wesson, Model 686, .357 caliber revolver, bearing serial number AEK5135 (See Bates No. 013 - 017);

(e) ATF Form 4473 completed and signed by the defendant, and dated 2/08/02, and other related documentation relative to the purchase of a firearm from Pyramid "Power" Pawn, Oak Grove, KY, which is named in the indictment, namely, a Bryco, Model Jennings 9, 9mm semi automatic pistol, bearing serial number 1492622 (See Bates No. 018 - 021);

(f) ATF Form 4473 completed and signed by the defendant, and dated 2/1/02, and other related documentation relative to the purchase of a firearm from Pyramid "Power" Pawn, Oak Grove, KY, which is named in the indictment, namely, an FIE, Model Titan, .25 caliber semi automatic pistol, bearing serial number D941355 (See Bates No. 022 - 024);

(g) ATF Form 4473 completed and signed by the defendant, and dated 1/7/02, and other related documentation relative to the purchase of a firearm from Pyramid "Power" Pawn, Oak Grove, KY, which is named in the indictment, namely, a Lorcin, Model L25, .25 caliber semi automatic pistol, bearing serial number 268315 (See Bates No. 025 - 029); and

(h) ATF Form 4473 completed and signed by the defendant, and dated 10/12/01, and other related documentation relative to the purchase of a firearm from Pyramid "Power" Pawn, Oak Grove, KY, which is named in the

indictment, namely, a Bryco, Model Jennings 9, 9mm semi automatic pistol, bearing serial number 1407655 (*See* Bates No. 030 - 034).

There are no other relevant written statements of the defendant in the possession, custody or control of the government, which are known to the attorney for the government.

    b.    **Recorded Statements**

On October 15, 2002, the defendant was interviewed at the Lowell Police by ATF Special Agent Daniel Meade and Lowell Police Detective Gerry Wayne regarding his involvement in trafficking firearms. Prior to the interview, the defendant was informed that he was not under arrest and could leave at any time. Among other things, the defendant admitted during the interview that he had purchased guns in Kentucky and sold them to individuals in Lowell, Massachusetts. The defendant also admitted removing the serial number from one of the firearms. (*See* Bates No. 036 - 039).

On February 11, 2004, following his arrest, the defendant made *post-miranda* statements to ATF Special Agents, Sheila O'Hara and Angelo "Tony" Thurman, in the U.S. Marshals Service lock-up, regarding his drug use and prior criminal convictions (*See* Bates No. 041 - 044).

There are no other relevant recorded statements of the defendant in the possession, custody or control of the government, which are known to the attorney for the government.

    c.    **Grand Jury Testimony of the Defendant**

The defendant did not testify before a grand jury in relation to this case.

    d.    **Oral Statements to Then Known Government Agents**

See paragraph 1b. above.

There are no other oral statements made by the defendant before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial.

    2.    **Defendant's Prior Record under Rule 16 (a)(1)(B)**

It's my understanding that you were provided with a copy of

3

the defendant's Massachusetts and Kentucky criminal history records by Pretrial Services at the defendant's initial appearance.

3. **Documents and Tangible Objects under Rule 16(a)(1)(C)**

Enclosed herein are copies of the following documents, which represent all books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in its case-in-chief at the trial of this case:

a) ATF Form 4473s completed and signed by the defendant, and other related documentation relative to the purchase of the firearms named in the indictment (*See* Bates No. 004 - 035);

b) ATF Reports of Investigation ("ROI") (*See* Bates No. 036 - 046);

c) Ballistics Report, dated May 13, 2003, prepared by Trooper David Mr. Cahill, Commonwealth of Massachusetts, Department of State Police, Firearms Identification Section, regarding the Bryco, Model Jennings 9, 9mm semi automatic pistol, bearing the obliterated serial number 1409929 (*See* Bates No. 047;

d) Firearm Trace Analysis Report, dated May 20, 2003, prepared by Trooper David Mr. Cahill, Commonwealth of Massachusetts, Department of State Police, Firearms Identification Section, regarding the Bryco, Model Jennings 9, 9mm semi automatic pistol, bearing the obliterated serial number 1409929 (*See* Bates No. 048 - 049);

e) Memorandum prepared by Special Agent in Charge Timothy C. Zimmerman, Department of the Army, 31st Military Police Detachment ("CID"), Fort Campbell District, Fort Campbell Kentucky, dated October 13, 2003, regarding investigation of local gun dealerships and pawn shops where the defendant may have purchased firearms (*See* Bates No. 050 - 054); and

f) Lowell Police Department Incident/Arrest Report regarding Malvin Rodriguez and Luis Samuel Cintron, who were arrested on 4/30/03 on unrelated firearm charges (*See* Bates No. 055 - 058).

4

4.  **Reports of Examinations and Tests under Rule 16 (a)(1)(D)**

Trooper David M. Cahill, Commonwealth of Massachusetts, Department of State Police, Firearms Identification Section conducted an examination of the Bryco, Model Jennings 9, 9mm semi automatic pistol, bearing the obliterated serial number 1409929, and determined that this firearm is a firearm as defined under Massachusetts General Laws, Chapter 140, Section 121. (See Bates No. 047). Trooper Cahill also conducted an examination of this firearm for restoration of the obliterated serial number, which revealed the serial number "1409929." (See Bates No. 048-049).

There are no other reports of physical or mental examinations of the defendant.

B.  **Search Materials under Local Rule 116.1(C)(1)(b)**

No searches were conducted and no search warrants were obtained in connection with investigation of the charges contained in the indictment in this case.

C.  **Electronic Surveillance under Local Rule 116.1(C)(1)(c)**

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.  **Consensual Interceptions under Local Rule 116.1(C)(1)(d)**

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E.  **Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)**

There is no conspiracy count charged in the indictment.

F.  **Identifications under Local Rule 116.1(C)(1)(f)**

The defendant was not the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the

5

defendant.

G.   **Exculpatory Evidence Under Local Rule 116.2(B)(1)**

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

The government is aware of no information or materials relating to this case of the types described in Local Rule 116.2(B)(1).

H.   **Other Matters**

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

I.   **RECIPROCAL DISCOVERY**

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

J.   **NOTICE OF ALIBI**

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offense was committed is set forth in the indictment and criminal complaint in this case, copies of which you previously have received.

Finally, although the defendant has not been charged with a drug offense in the instant indictment, enclosed herewith are state laboratory reports relative to the analysis of the drugs seized from the defendant at the time of his arrest and from the defendant's residence pursuant to the execution of the state search warrant. **(See Bates No. 086-095).**

Please call the undersigned Assistant U.S. Attorney at

(617) 748-3103 if you have any questions.

                                          Very truly yours,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney

                          By:   _____
                                  ANTOINETTE E.M. LEONEY
                                  Assistant U.S. Attorney

Enclosures
cc:  Maria Simeone, Courtroom Deputy Clerk
     to the Honorable Lawrence P. Cohen (w/o enclosures)